CORCORAN et al. v. NATIONAL TELEPHONE CO. OF WEST VIRGINIA.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 809.

1. INJUNCTION (§ 120*)—COMPLAINT—EQUITY RULES—VIOLATION—DISCRETION.

Objections to a bill for an injunction, relating to alleged violations of rules of equity practice by complainant, are matters for the judicial discretion of the trial judge.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 120.*]

2. INJUNCTION (§ 163*)—STRIKE INJUNCTION—DISSOLUTION.

Where, after a strike injunction had been made permanent, the bill was amended, and new parties made defendants, and injunction sought as against them, on the theory that they had become parties to a conspiracy to injure complainant's business, but, while they answered, admitting their sympathy with defendants and their desire to aid them, there was no proof of their connection with the alleged conspiracy in an unlawful way, the injunction as to them should have been dissolved.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 163.*

Restraining boycotts, strikes, and other combinations by employés interfering with commerce or business, see note to Shine v. Fox Bros. Mfg. Co., 86 C. C. A. 313.]

Appeal from the Circuit Court of the United States for the Northern District of West Virginia, at Wheeling.

Suit by the National Telephone Company of West Virginia against Harry P. Corcoran and others. From a decree denying defendants' motion to vacate a strike injunction against certain of the defendants, joined in an amended bill, they appeal. Reversed.

Charles A. Goodwin and Frank Cox (David C. Reay, on the brief), for appellants.

John J. Coniff (John A. Howard and Alfred Caldwell, on the brief), for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS. District Judge.

GOFF, Circuit Judge. This appeal is prosecuted under the provisions of section 7 of the act of March 3, 1891, as amended (U. S. Comp. St. 1901, p. 550), relating to Circuit Courts of Appeals. The suit was instituted by the National Telephone Company of West Virginia; its purpose being to restrain the defendants and their associates from cutting, breaking, burning, or injuring any of the poles, wires, cables, telephones, and apparatus of that company. The defendants

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are alleged in the bill to have formed an unlawful combination and conspiracy by which they aimed to hinder, obstruct, tie up, and control all interstate communication by telephone between Wheeling, in the state of West Virginia, and other points in other of the states of the United States. Said defendants are described as electrical workers, members of a labor union known as "Local Union No. 142, International Brotherhood of Electrical Workers," some of whom had been employed by complainant, some by other companies, and some were alleged to be labor agitators. A strike prevailed at that time in the locality mentioned, among the electrical workers of that section, and defendants were charged to be engaged in it, and as aiding and abetting it.

It is not deemed essential to the proper disposition of this appeal that the many allegations and charges of the bill, or the denials and explanations of the answers, or the statements and contradictions of the affidavits, should be set forth in detail. They show at great length the circumstances and incidents connected with said contention, unfortunately usual in such controversies; but they present no points necessary to be elucidated here, in connection with the propositions of law applicable to the situation described by them. The original bill was not without equity, and the court below, on the allegations found in it and the proof offered, properly granted a restraining order, and subsequently a permanent injunction. From the decrees so entered no appeal has been taken.

An amended bill was filed, in which additional allegations concerning said strike were made, and other defendants were brought into the case. On the filing of the amended bill, a restraining order was granted by the court below against those so made defendants by such amendment, and that order was subsequently, after demurrer, answers, and affidavits had been filed and considered, carried into a preliminary injunction. The allegations of the amended bill, and the affidavits considered with it, gave equitable jurisdiction; and hence we think the demurrer was properly overruled. The technical questions involved in the violations of the rules of equity practice by the complainant were matters for the judicial discretion of the court below, and it does not appear that such discretion was so exercised as to require revision by this court.

The case, having been disposed of by the decrees of the court below in favor of the contention of the complainant as against all of the original defendants, came on to be heard as to those made defendants by the amended bill. Those defendants moved the court to dissolve the preliminary injunction, and to dismiss the bill as to them. The court overruled that motion, and continued in force the injunction that had been issued. From that decree this appeal is prosecuted.

We are not required to pass upon the decree granting the restraining order, which was entered on bill, exhibits, and affidavits, but on the order refusing to dissolve it, entered after consideration of the answer, exhibits, additional affidavits, and argument of counsel. We think the court below should have dissolved the injunction, so far as these appellants are concerned. In our judgment, the weight of the testimony was decidedly in their favor. They were not shown to have

been connected with the alleged conspiracy and combination in an unlawful way; and, while some people may question the propriety of their conduct, the law does not condemn it. In their answer to the bill, they admitted their sympathy with the defendants and their desire to aid them. It was for them to decide where their sympathies should go, and so long as their efforts to aid were kept within the limits prescribed by law, they were free to act on their own volition, without fear of molestation by any one, or by any court.

If there is any merit in the suggestion of counsel that the conduct of the appellants was in contempt of the court below, that question is for the consideration of that court, and will not be either discussed or disposed of here.

There is error, and the case will be remanded, with instructions to set aside the order refusing to dissolve the injunction, and to grant the motion of appellants to vacate it. The case will then stand for such action as the court below may under the circumstances find proper.

Reversed.